**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>   Plaintiff,<br><br>v.<br><br>Gregorio Roman-Chavez,<br><br>   Defendant. | No. CR-20-00483-001-PHX-DWL<br><br>**ORDER** |

During the Final Pretrial Conference (Doc. 84), the Court took under advisement the government's notice of intent to use prior conviction for impeachment (Doc. 37), to which Defendant Gregorio Roman-Chavez ("Roman-Chavez") objected, and granted the government's motion to preclude defense expert Maurice Goldman from testifying at trial (Doc. 74). Each issue is addressed in more detail below.

## RELEVANT BACKGROUND

The indictment charges Roman-Chavez with a single violation of 8 U.S.C. § 1326(a) for illegally reentering the United States after previously having been removed. (Doc. 22.) The prior removal is alleged to have occurred on or about September 24, 2010.

Earlier in these proceedings, Roman-Chavez moved to dismiss the indictment under 8 U.S.C. § 1326(d) on the ground that his September 2010 removal was invalid. (Doc. 42 at 2.) After briefing and a two-hour evidentiary hearing, the Court denied Roman-Chavez's motion. (Docs. 46, 52, 60.)

…

**DISCUSSION**

I.     Use Of Prior Conviction For Impeachment

On July 19, 2010, Roman-Chavez was convicted of a misdemeanor violation of 18 U.S.C. § 1028(a) for Fraud and Related Activity in Connection with Identification Documents. (Doc. 37.) In a pretrial notice, the government announced its intention to use this conviction for impeachment purposes at trial under Federal Rules of Evidence 609(a)(2) and 806. (*Id.*)

During the Final Pretrial Conference, Roman-Chavez objected to the use of his conviction for impeachment purposes on the ground that it is more than ten years old (and is thus inadmissible under Rule 609(b)). In response, the government argued that the conviction remains admissible under Rule 609. In the alternative, the government argued that the conviction is admissible under Rule 608(b).

The Court took the matter under advisement to conduct additional research. Having completed that research, the Court concludes that the government will not be allowed to impeach Roman-Chavez with his 2010 conviction should he choose to testify at trial.

    A.    **Rule 609**

Rule 609(a)(2) authorizes the admission of a past criminal conviction "for any crime regardless of the punishment . . . if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." However, Rule 609(b) goes on to "Limit . . . Using the Evidence After 10 Years." Under Rule 609(b), "if more than 10 years have passed since the witness's conviction or release from confinement from it, whichever is later," the conviction is admissible "only if: (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice." *See also United States v. Mercado*, 2020 WL 999842, *3 (N.D. Cal. 2020) ("Regardless of whether convictions are admissible under . . . Rule 609(a)(2)'s per se rule for convictions involving dishonesty or false statements, . . . Rule 609(b) imposes limitations if those convictions are over ten years old."). The advisory committee

notes to Rule 609 elaborate that "convictions over 10 years old will be admitted very rarely and only in exceptional circumstances." Fed. R. Evid. 609, advisory committee notes to 1974 enactment.

As a threshold matter, Rule 609(b) applies here because Roman-Chavez's conviction is more than 10 years old. During the Final Pretrial Conference, the government argued the conviction should be considered less than 10 years old because it became final in July 2010 and the criminal proceedings in this case were initiated (by way of complaint and arrest) in March 2020, which was just under the 10-year mark. This argument is unavailing. The Ninth Circuit has suggested that, for purposes of Rule 609(b), the age of a prior conviction is calculated by comparing the date on which it became final to the date of the *trial* in the new matter, not the date on which the new matter was *initiated*. *United States v. Portillo*, 633 F.2d 1313, 1323 & n.6 (9th Cir. 1980) (looking to "the time of trial" to calculate age of prior convictions under Rule 609(b)). Many other Circuits follow the same approach. *See, e.g., United States v. Thomas*, 815 F. App'x 671, 677 (3d Cir. 2020) ("We have previously assumed that the relevant inquiry under Rule 609(b) is whether the date of conviction or release occurred 'more than ten years prior to trial.' Numerous other circuits have viewed the ten-year period the same way.") (citation omitted);[1] *Zimmerman v. First Fed. Sav. & Loan Ass'n of Rapid City, S.D.*, 848 F.2d 1047, 1057 (10th Cir. 1988) ("Since more than ten years had elapsed between Gratz's release from prison and trial, the

---

[1] In *Thomas*, the Third Circuit cited *United States v. Lorenzo*, 43 F.3d 1303 (9th Cir. 1995), as an example of a contrary decision in which a court utilized the "date of indictment" in the new matter when calculating the age of a prior conviction under Rule 609(b). The Court does not interpret *Lorenzo* as adopting such a rule or holding that district courts in the Ninth Circuit must apply such a rule. In *Lorenzo*, a criminal defendant (Lorenzo) argued he should have been allowed to impeach a witness (Franchi) with a felony conviction that was 10 years and five months old at the time of Lorenzo's indictment because the government had delayed pursuing that indictment for approximately 18 months, after completing its investigation, in order to pursue certain undercover operations. *Id.* at 1308. The Ninth Circuit rejected this tolling argument and affirmed the district court's exclusion of the conviction. *Id.* Although *Lorenzo* contains some language that, when read in isolation, suggests the age of conviction is measured by the date of the indictment in the new matter, it also contains other passages that suggest the age is measured by the date of the trial in the new matter. *Id.* (noting, without disapproval, that the Fifth Circuit used "the time of trial" to measure the age of a prior conviction). The Court therefore chooses to follow *Portillo*, which more clearly suggests that "the time of trial" is the appropriate endpoint in the Ninth Circuit.

admissibility of the evidence is determined under [Rule] 609(b)."); *United States v. Rein*, 848 F.2d 777, 782 (7th Cir. 1988) ("Because the defendant's conviction was less than ten years prior to the trial here, it was admissible under Rule 609."). Some courts have suggested the endpoint may extend even later, to the date on which the defendant testifies during trial. *See, e.g., United States v. Watler*, 461 F.3d 1005, 1008-09 (8th Cir. 2006) ("Most of the cases interpreting Rule 609 agree with Mr. Watler that the ten-year time limit should be measured from the date of the conviction or release to the date that the trial begins, if not the time of the witnesses's testimony.") (citations omitted); *United States v. Cathey*, 591 F.2d 268, 274 n.13 (5th Cir. 1979) ("[S]ince the concern is the defendant's credibility when he testifies the correct point from which to measure backwards in time may be the date when he testifies rather than the date when the trial commences, which in a protracted trial might be considerably earlier."); *Trindle v. Sonat Marine Inc.*, 697 F. Supp. 879, 882 (E.D. Pa. 1988) ("Because it is the jury which must evaluate the witness' credibility, the most appropriate time to conclude the ten year period is the date the jury actually hears the witness testify that he had been convicted of a crime."). Here, the trial will begin in May 2021, which is more than 10 years after Roman-Chavez's conviction became final.[2] Rule 609(b) therefore applies.

On the merits, courts in the Ninth Circuit consider five factors when determining the admissibility of a conviction that is more than ten years old: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance

---

[2] Although Rule 609(b) states that 10 years must have passed since the "conviction or release from confinement, *whichever is later*," the government has utilized the date of Roman-Chavez's conviction (July 2020) as the starting point for its calculations. At any rate, it is clear that Roman-Chavez was released from the term of confinement arising from that conviction by no later than September 2010. Not only does the indictment allege that Roman-Chavez was removed to Mexico on September 24, 2010, but the docket from the underlying case (which is properly subject to judicial notice) shows that Roman-Chavez was sentenced to only 75 days' imprisonment, with credit for time served. *United States v. Roman-Chavez*, Case No. 4:10-mj-06560-JR, Doc. 6 (D. Ariz. July 21, 2010). Thus, even assuming that Roman-Chavez spent some additional time in custody after his July 2010 conviction became final, he was released from confinement by no later than September 2010, which is still more than 10 years before trial in this matter.

of defendant's testimony; and (5) the centrality of defendant's credibility." *United States v. Hursh*, 217 F.3d 761, 768 (9th Cir. 2000). *See also Simpson v. Thomas*, 528 F.3d 685, 690 n.3 (9th Cir. 2008) (consideration of these factors is appropriate under Rule 609(b)). The government bears the burden of showing that the conviction should be admitted. *United States v. Browne*, 829 F.2d 760, 763 (9th Cir. 1987). Having considered and balanced these factors, the Court concludes that the probative value of Roman-Chavez's 2010 conviction does not substantially outweigh its prejudicial effect.

The first factor is weighs in favor of admission, but not overwhelmingly. Because the prior crime involved fraudulent activity—using false identification in an attempt to enter the United States—it is probative of truthfulness in a way that other sorts of convictions are not. *United States v. Ortega*, 561 F.2d 803, 806 (9th Cir. 1977) (holding that "crimes that involve some element of misrepresentation or other indicium of a propensity to lie" are more probative of truthfulness than "those crimes which, bad though they are, do not carry with them a tinge of falsification"); *United States v. Niakate*, 2011 WL 2267636, *1 (M.D. Pa. 2011) ("Defendant was convicted of fraud in relation to false identification documents, and that crime requires a showing that defendant knowingly engaged in the use or possession of false identity documents. As such, the government may introduce this evidence on cross-examination [under Rule 609] to attack defendant's character for truthfulness."). With that said, fraud-related convictions aren't automatically admissible under Rule 609(b) and the one-time use of a false identification card in an attempt to gain entry into the United States doesn't seem as probative of truthfulness as other species of fraud. *Cf. United States v. Bensimon*, 172 F.3d 1121, 1125-27 (9th Cir. 1999) (holding that district court erred by allowing defendant to be impeached with 17-year-old mail fraud conviction, in part because the probative value of the conviction "was very low" despite its fraudulent nature).

The second factor weighs against admission because the misdemeanor conviction is over ten years old and there is no evidence that Roman-Chavez has engaged in other forms of dishonest conduct since he sustained the conviction. *Cf. Am. Home Assurance Co. v.*

*Am. President Lines, Ltd.*, 44 F.3d 774, 778-79 (9th Cir. 1994) (no abuse of discretion in refusing to allow witness to be impeached with a "twelve-year-prior conviction . . . for conspiracy to defraud" where "[t]he district court doubted that the conviction would be very probative of [the witness's] credibility" in part "because of its age").

      The third factor weighs strongly against admitting the conviction. Roman-Chavez's misdemeanor offense of using false identification in an attempt to unlawfully enter the United States bears a resemblance to the immigration-related offense with which he is currently charged. There is thus "a substantial risk that all exculpatory evidence will be overwhelmed by a jury's fixation on the human tendency to draw a conclusion which is impermissible in law: because he did it before, he must have done it again." *United States v. Bagley*, 772 F.2d 482, 488 (9th Cir. 1985).

      Finally, the fourth and fifth factors are difficult to assess in advance of trial because it is unclear what Roman-Chavez will say if he chooses to testify. Although it would be permissible to defer resolving the admissibility issue in light of this uncertainty, *see United States v. Farley*, 2015 WL 6871920, *12-13 (N.D. Cal. 2015) ("[T]he Court cannot weigh *Hursh* factors four and five until [the defendant's] testimony is offered. Accordingly, the Government's [motion] is DENIED as premature."), the Court chooses to resolve the issue now, both to enable the parties to formulate their trial strategies accordingly and because the second and third factors cut so strongly against admission that the specifics of any trial testimony offered by Roman-Chavez would not alter the overall balancing analysis.

      B.    **Rule 608**

      During the Final Pretrial Conference, the government argued for the first time that Roman-Chavez's prior conviction is admissible under Rule 608. Rule 608(b) allows a party to inquire into specific instances of conduct "if they are probative of [the witness's] character for truthfulness or untruthfulness."

      Ninth Circuit precedent forecloses this path. "Rule 608(b) permits impeachment only by specific acts that have not resulted in a criminal conviction. Evidence relating to impeachment by way of criminal conviction is treated exclusively under Rule 609 . . . ."

*United States v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009). This approach "recognize[s] the unfairness that would result if evidence relating to a conviction is prohibited by Rule 609 but admitted through the 'back door' of Rule 608." *Id.* at 1174.

II.     Motion To Exclude Goldman Testimony

During the Final Pretrial Conference, the Court orally granted the government's motion to preclude Goldman from offering expert testimony at trial. (Doc. 84.) As stated on the record, Roman-Chavez failed to provide sufficient notice of the opinions Goldman will offer and the bases and reasons for those opinions. Indeed, Roman-Chavez still has not provided such notice. In written correspondence with the opposing counsel before trial, defense counsel merely identified the general subject area in which Goldman's opinions might fall: "It will be to explain immigration procedure." (Doc. 74-3 at 2.) This is a meaningless disclosure—it provides no information as to the content of Goldman's unspecified opinions or the bases and reasons for those opinions.

During subsequent telephonic conversations with the opposing counsel, and again during the Final Pretrial Conference, defense counsel provided slightly more information about the nature of Goldman's anticipated opinions. Specifically, defense counsel stated that Goldman's opinions will touch upon the legality of Roman-Chavez's underlying removal. (Doc. 74 at 2.) But this is still far too generic—there has been no disclosure of *why* Goldman believes the removal was invalid. Under Rule 16(b)(1)(C), Roman-Chavez was required to disclose such information to the government before trial. *Id.* ("The defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence, if . . . the defendant requests disclosure under subdivision (a)(1)(G) and the government complies . . . . *This summary must describe the witness's opinions, the bases and qualifications for those opinions*, and the witness's qualifications.") (emphasis added).[3]

---

[3] The docket reveals that the government provided written notice to Roman-Chavez of its expert's anticipated opinions, the bases and reasons for those opinions, and its expert's qualifications, as required by Rule 16(a)(1)(G). (Doc. 35.) The docket further reveals that the government repeatedly requested a written summary of Goldman's

- 7 -

1    In its motion, the government states that Goldman may be excluded based solely on Roman-Chavez's failure to comply with Rule 16's disclosure requirements. (Doc. 74 at 2-3.) This is not quite correct. The Ninth Circuit has suggested that it is error to automatically exclude a defense expert based on a violation of Rule 16(b)(1)(C)—instead, exclusion should be reserved for cases where the disclosure violation was willful and motivated by tactical desires. *See, e.g., United States v. Finley*, 301 F.3d 1000, 1017-18 (9th Cir. 2000) ("Even were we to assume a violation [of Rule 16(b)(1)(C)] occurred, the district court, by excluding the entire testimony, imposed a too harsh remedy for the violation. . . . Exclusion is an appropriate remedy for a discovery rule violation only where the omission was willful and motivated by a desire to obtain a tactical advantage.") (citations and internal quotation marks omitted); *United States v. Ornelas*, 906 F.3d 1138, 1150 (9th Cir. 2018) (suggesting that a finding of willfulness is required before a defense expert may be excluded as a sanction for non-compliance with Rule 16(b)(1)(C) but affirming because "the exclusion here was no sanction" and was instead based on a violation of the scheduling order); *United States v. Saterstad*, 2021 WL 1116266, *2 (9th Cir. 2021) ("Saterstad argues that the district court abused its discretion in excluding [his expert's] testimony as a sanction under Federal Rules of Criminal Procedure Rule 16 . . . without first finding that Saterstad's discovery violation was 'willful and motivated by a desire to obtain a tactical advantage.' Even assuming that the district court abused its discretion, any error was harmless.").

Here, although there doesn't seem to be a good explanation for defense counsel's failure to respond to the government's repeated requests for more information about the nature of Goldman's opinions, it is unnecessary to decide whether that failure was willful and tactical in nature. This is because Goldman's opinions are subject to exclusion for a different reason—they are irrelevant. "Because the lawfulness of the prior deportation is not an element of the offense under § 1326," a defendant charged with illegal reentry is "not entitled to have the issue determined by a jury." *United States v. Alvarado-Delgado*, 98 F.3d 492, 493 (9th Cir. 1996). Instead, such questions are to be addressed via a pretrial

---

opinions. (Doc. 74-3 at 2; Doc. 74-4 at 2.) Thus, the prerequisites of Rule 16(b)(1)(C) have been satisfied, triggering Roman-Chavez's disclosure obligation.

motion to dismiss the indictment, as happened here. *United States v. Garcia*, 612 F. App'x 427, 429 (9th Cir. 2015). "[I]n establishing the fact of a prior deportation as an element of an illegal reentry offense, the government merely needs to prove that the defendant was in fact previously deported." *United States v. Gomez*, 757 F.3d 885, 894 (9th Cir. 2014) (cleaned up).

Dated this 30th day of April, 2021.

Dominic W. Lanza
United States District Judge